POLKINGHORNE & LAWRENCE ET AL. *v.* F. P. MARTINEZ.

ASSIGNMENT. *Discretion granted assignee.  Effect thereof.  Case in judgment.*

An assignment for the benefit of creditors which provides that the assignee, after paying certain creditors therein named and preferred, "shall pay any other debts of said firm as fast as money sufficient shall come into his hands to pay the same, at his discretion," is fraudulent and void as against unpreferred creditors of the assignor not assenting thereto, because of the attempt to confer upon the assignee a discretion as to the payment of such creditors, which the assignor could not legally retain to himself or transfer to the assignee.

APPEAL from the Chancery Court of Adams County.

HON. WARREN COWAN, Chancellor.

In April, 1887, Polkinghorne & Lawrence, merchants, made a deed of assignment to one J. H. Carradine, assignee, for the benefit of creditors.  This deed, after naming a list of preferred creditors, provides that the assignee "shall pay each of said debts in the order named, in which they are above written, and then shall pay any other debts of said firm as fast as money sufficient shall come into his hands to pay the same, at his discretion."

In May, 1887, F. P. Martinez, a creditor of Polkinghorne & Lawrence, presented this bill against the latter and the assignee, Carradine, asking that the assignment be declared fraudulent and void, and that a lien be fixed in his favor on the property therein conveyed for the payment of his debt.  The chancellor decreed as asked, and the defendants appealed.

*J. S. Morris & T. Otis Baker*, for the appellants.

The conveyance is not void on its face, or fraudulent in law, by reason of the use of the words " at his discretion " in connec-

tion with the direction to pay " any other debts of said firm as fast as money sufficient shall come into his hands to pay the same; " because,

(1st.) A discretion vested in the assignee will always be construed to mean a reasonable and legal discretion and will be under the control of a court of equity.

Bump. on Fraud. Con. (1st Ed.) 411.

The law " presumes that the assignee will apply a general power which can have a lawful operation to a lawful purpose. When the provision is susceptible of an honest application it cannot be said to have that necessary evil tendency which justifies the inference of a fraudulent intent."

Bump. on Fraud. Con. (1st Ed.) 369.

If complainant had conceived that the assignee would abuse his discretion in this particular he could have applied for, and, on proper showing, could have obtained, in this or other proceeding, an order containing specific directions to the assignee, the whole matter being " under the control of a court of equity." *Richardson* v. *Marqueze*, 59 Miss., 96.

(2d.) The same fair and reasonable rules of construction must be applied to them (assignments) as are adopted in ascertaining the meaning of other instruments.

Bump. on Fraud. Con. (1st Ed.), 367–8.

" Upon well settled principles, any doubt which arises in the construction of the instrument must be resolved in favor of its validity."

*Armitage* v. *Rector et al.*, 62 Miss., 600.

" If a power is susceptible of two constructions, one of which will render the assignment legal and the other illegal, the former will be adopted in order to uphold its validity, according to the maxim *ut res magis valeat quam pereat*."

*Mattison* v. *Judd*, 59 Miss., 99; *Richardson* v. *Marqueze*, 59 Miss., 96.

"A presumption of an intent to defraud is not to be indulged, but the contrary is the legal intendment; which must prevail until it is overcome by reasonable certainty that the thing complained of is such as the law condemns." " It is only when the authority is express to do an illegal act that the in-

strument will be held void." "The court must be able to say that the power conferred is clearly fraudulent before it can properly condemn an instrument for containing it." "The court is not to be astute to discover grounds on which to condem assignments for creditors, but is rather to uphold them, unless they are plainly vicious in their terms." Idem, 103.

It cannot be said in this case that "the legal intendment" is overcome by reasonable certainty, nor that "the authority is expressed to do an illegal act," nor that "the power conferred is clearly fraudulent," and therefore the court cannot "properly condemn" the instrument.

*Claude Pintard*, for the appellee.

The deed of assignment gives to the assignee, after paying out of the assets of said firm the amounts claimed to be due the preferred creditors named therein, a *discretion* as to the payment of any other creditor. This provision in the deed of assignment is fatal to it, and makes it in law fraudulent and void as to the creditors of Polkinghorne & Lawrence.

A power given to assignees to declare *future preferences* or change the order of preferences already given, will render the assignment void.

Bump. on Fraudulent Conveyance, p. 375; Burrill on Assignments, p. 334; 7 Paige p. 568; 3 Md., 11; 4 Barb., 548; 4 Denio, 217; 4 Ala., 374.

*Calhoon & Green*, on the same side.

The assignment is void on its face, because it gives the assignee power to prefer at his option any debt other than the preferred debts. Burrill on Assignments, § 179.

This assignment manifestly confers power to pay any debt in full that the assignee choses; and not only that, but when it directs that he shall pay any other debt *he must* pay one debt, to be selected by him, to the exclusion of the others. As there is insufficient for all creditors, it necessarily creates a preference.

ARNOLD, J., delivered the opinion of the Court.

The deed of assignment is fraudulent and void as against creditors who have not assented thereto. These infirmities result from the terms of the instrument, and they cannot be cured

or helped by the averments of the answer, or by other proof. It attempts to confer upon the assignee discretion and power as to the payment of debts inconsistent with the rights of the unpreferred creditors, and which could not be lawfully delegated to him by the assignors.    Under such an arrangement the rights of unpreferred creditors would depend upon the unrestrained discretion of a stranger, rather than upon the well defined rules of law or the provisions of the assignment.    Such as acquiesced, might expect perhaps to receive something, but such as complained or resisted, nothing.    Such an arrangement would be a successful method, not of devoting the estate in trust fairly and justly to the payment of debts, but of devoting creditors to hindrances, delays and fraud.

It is not lawful for a debtor, in making an assignment for the payment of his debts, to stipulate that he shall possess the power of directing afterwards how the property conveyed shall be used or applied for that purpose.    His power to dictate or control the future management and disposition of the estate and its proceeds, and the relative rights of creditors in reference to it, terminates with the execution of the assignment.    The assignment itself must definitely fix and settle the respective rights of creditors.    If, instead of this, it reserves to the assignor the power of doing so subsequently, it is fraudulent and void; and as the assignor could not retain such power in himself, he could not invest his assignee with it.    The same objection, in principle, exists in both cases.    *Hyslop* v. *Clarke*, 14 Johns., 458; *Averill* v. *Loucks*, 6 Barb., 470; *Gazzam* v. *Poyntz*, 4 Ala., 374; *Sheldon* v. *Dodge*, 4 Den., 217; *Grover* v. *Wakeman*, 11 Wend., 187; *Boardman* v. *Halliday*, 10 Paige, 223; *Barnum* v. *Hempstead*, 7 Id., 568; Burrill on Assignments, Sec. 179; Bump. on Fraudulent Conveyances, 375.

*Affirmed.*